# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                Case No. 07-20099-15-JWL

**Richard A. Sanchez,**

    **Defendant.**

## MEMORANDUM & ORDER

Defendant Richard A. Sanchez has filed a motion asking the court to recommend to the Bureau of Prisons (BOP) that Mr. Sanchez be allowed to serve the last twelve months of his sentence in a Residential Release Center (RRC) in Leavenworth, Kansas (doc. 1124). In support of his motion, Mr. Sanchez highlights that he has never received any disciplinary write-ups; that he has completed his associate's degree; that he has completed multiple self-help classes; and, perhaps most importantly, that he has the strong support of his family to help him transition back into society. The court commends Mr. Sanchez for his commitment and his efforts to rehabilitate himself. Nonetheless, the court has no authority to determine Mr. Sanchez's placement and lacks the requisite information to make the recommendation sought by Mr. Sanchez. While 18 U.S.C. § 3621(b)(5) permits the court to make a recommendation concerning placement, that statute curtails the effect of such an action. In relevant part, § 3621(b)(5) provides that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau [of Prisons] under this section to determine or change the place of imprisonment of

that person." 18 U.S.C. § 3621(b)(5).  Despite the strides made by Mr. Sanchez, the court lacks information about his rehabilitative needs.  Moreover, the BOP has implemented policies under which it will evaluate whether Mr. Sanchez is eligible for placement at an RRC.  The court has minimal familiarity with these policies and the factors that the BOP takes into consideration when deciding whether and when an inmate will be placed in an RRC including, in all likelihood, the availability of a spot in the RRC and the impact of that decision on other inmates, staff and the institution.  *See United States v. Fykes*, 2019 WL 158079, at *9 (D. Colo. Jan. 10, 2019).  Thus, the court denies Mr. Sanchez's motion, but without intending for its decision to prejudice any similar request that Mr. Sanchez might submit to the BOP.  *See United States v. Summerville*, 2018 WL 4620807, at *1-2 (D. Kan. Sept. 26, 2018).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Sanchez's motion to obtain a court recommendation to serve the last twelve months of imprisonment in an RRC (doc. 1124) is **denied** without prejudice to any similar request that Mr. Sanchez submits to the BOP.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge